**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven John Durst, | No. CV-18-01536-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Corrections, | |
| Defendant. | |

Pending before the Court is pro se Plaintiff Steven John Durst's motion to stay his case (Doc. 32). Durst stated that he has been called into active military service for a period of 400 days and that he must report to his home station for duty on November 29, 2018, and he submitted an Order from the Department of the Army establishing the same. (*Id.*)

Durst cited the "Soldiers Relief Act of 1940" in his motion. In 2003, Congress passed the Servicemembers Civil Relief Act (SCRA), which updated and replaced the Soldiers' and Sailors' Civil Relief Act of 1940. The relevant section of the SCRA provides that where a servicemember is a party in a civil action that has not yet reached final judgment, the court "shall, upon application by the servicemember, stay the action for a period of not less than 90 days," so long as two conditions are met. 50 U.S.C. § 3932(b)(1). The application for a stay must include:

> (A) [a] letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear[,] [and]
>
> (B) [a] letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for

the servicemember at the time of the letter.

*Id.* § 3932(b)(2).

The Order from the Department of the Army submitted by Durst seems to fulfill the requirement of Section 3932(b)(2)(A), in that it orders Durst into active duty, which will materially affect Durst's ability to appear, and from the Order the Court is able to deduce that Durst will be able to appear no earlier than January 6, 2020, which is 400 days after December 2, 2018, the date on which Durst must report to his mobilization station. (Doc. 32 at 2.)

The Order does not appear to fulfill the requirement of Section 3932(b)(2)(B), as it does not address whether military leave is authorized for Durst. Thus, in the absence of a letter or other communication providing this required information, the SCRA does not compel the Court to grant the stay.

Nevertheless, even without operation of the statute, the Court possesses the inherent authority to grant the requested stay. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Durst, the Plaintiff in this action, has requested a stay to allow him to report to active military duty. Durst's requested stay until "after" January of 2020 allows him a short period of rest upon return from active duty before recommencing this civil action. This is a reasonable request. Therefore, good cause appearing,

**IT IS ORDERED** granting Plaintiff Steven John Durst's motion to stay his case (Doc. 32). The above-captioned action shall be stayed until February 3, 2020.

Dated this 28th day of November, 2018.

Dominic W. Lanza
United States District Judge